UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 06-50117-01 and -02 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING MOTIONS |
| vs. | ) | TO SEVER PURSUANT TO |
| | ) | FED. R. CRIM. P. 8(b) |
| YURI CHACHANKO and | ) | |
| CHUOI SAM, | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

Defendant Chuoi Sam filed a motion to sever pursuant to Fed. R. Crim. P. 8(b) [Docket No. 39], a motion to sever pursuant to Fed. R. Crim. P. 14(a) [Docket No. 41], and a motion to sever pursuant to Bruton v. United States, 391 U.S. 123 (1968) [Docket No. 105]. Defendant Yuri Chachanko filed a motion to sever pursuant to either Rule 8(b) or Rule 14(a) [Docket No. 58] and an omnibus motion joining in every motion filed by Chuoi Sam [Docket No. 114]. These motions were referred by the district court, the Honorable Karen E. Schreier, Chief Judge, to this magistrate judge for a report and recommendation. Under 28 U.S.C. § 636(b)(1)(A), and the chief judge's standing order dated June 11, 2007, this court may determine these motions.[1]

---

[1] This court is not allowed to determine, in criminal matters, motions to dismiss or quash an indictment or information and motions to suppress

**FACTS**

The indictment in this case contains 15 separate counts. See Docket No. 1. Counts one through five are asserted against both defendant Chuoi Sam and defendant Yuri Chachanko and arise out of an armed robbery of the LaCrosse Street Casino on June 5, 2004, in Rapid City, South Dakota.[2] The remaining 10 counts are asserted against defendant Yuri Chachanko alone and arise out of armed robberies of the Deuces III Casino in Sioux Falls, South Dakota, on June 24, 2004; the Deuces Casino in Sioux Falls on July 1, 2004; the 212 Casino in Watertown, South Dakota, on July 12, 2004; and the Full House Casino in Sioux Falls on July 21, 2004.

Sioux Falls and Watertown are approximately 350 and 435 miles, respectively, from Rapid City. The weapons alleged to have been used at the Rapid City robbery were a Remington model 1100 12-gauge shotgun and a

---

evidence. See 28 U.S.C. § 636(b)(1)(A). As to such motions, this court can only issue a report and recommendation to the district court which then must review the matter *de novo* upon appeal by any party. 28 U.S.C. § 636(b)(1)(A), (B), and (C). However, because the motions addressed in this order are not dispositive, this court is empowered to decide them outright. Id.

[2] Count one alleges that both defendants have interfered with commerce by robbery in violation of 18 U.S.C. §§ 1951 and 2. Count two alleges that both defendants have used a firearm during a violent felony in violation of 18 U.S.C. §§ 924(c)(1) and (2). Count three alleges that both defendants have possessed a stolen firearm in violation of 18 U.S.C. § 922(j). Count four alleges that both defendant were felons in possession of firearms in violation of 18 U.S.C. § 922(g)(1). Count five alleges that both defendants were in possession of a short shotgun in violation of 26 U.S.C. §§ 5861(d), 5841, and 5871.

Norinco model SKS rifle. The weapon alleged to have been used by Chachanko in the Sioux Falls and Watertown robberies was a Glock model 21 .45 caliber pistol.

There is no allegation in the indictment tying Chuoi Sam to the robberies in Sioux Falls and Watertown other than the mere fact that all the robberies were committed with firearms and the fact that Yuri Chachanko is alleged to have participated in all the robberies, including the single robbery in Rapid City with which Sam is charged. Sam and Chachanko move to sever counts one through five from the remaining 10 counts.

## DISCUSSION

**A.    Severance Pursuant to Fed. R. Crim. P. 8(b)**

Federal Rule of Criminal Procedure 8(b) provides as follows:

> **Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

See Fed. R. Crim. P. 8(b). The court has no discretion to deny severance of defendants who are not properly joined under Rule 8(b). See United States v. Bledsoe, 674 F.2d 647, 654 (8th Cir.), cert. denied sub nom, 459 U.S. 1040 (1982). Misjoinder of defendants under Rule 8(b) is inherently prejudicial. Id. (citing United States v. Sanders, 563 F.2d 379, 382 (8th Cir. 1977), cert. denied, 434 U.S. 1020 (1978); Haggard v. United States, 369 F.2d 968, 972-973 (8th

Cir. 1966), cert. denied, 386 U.S. 1023 (1967); United States v. Marionneaux, 514 F.2d 1244, 1248 (5th Cir. 1975); 8 Moore's Federal Practice ¶ 8.04(2), at 14 (2d ed. 1981)). The propriety of joinder under Rule 8(b) must appear on the face of the indictment. Bledsoe, 674 F.2d at 655; Sanders, 563 F.2d at 382. The prerequisites for joinder of defendants under Rule 8(b) are to be liberally construed in favor of the defendant. Bledsoe, 674 F.2d at 655.

Mere similarity of offenses committed by two or more individuals is not a sufficient predicate for joinder of *defendants*. Id. at 656. Under Rule 8(a), involving joinder of *offenses*, the government is allowed to join two or more offenses if they are "of the same or similar character." Id. (quoting Fed. R. Crim. P. 8(a)). However, under Rule 8(b), involving joinder of *defendants*, the phrase "same or similar character" are specifically omitted. Id. (citing Rule 8(b)).

"Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." Bledsoe, 674 F.2d at 656. "In order to be part of the 'same series of acts or transactions,' acts must be part of one overall scheme about which all joined defendants knew and in which they all participated." Id. (citing United States v. McKuin, 434 F.2d 391, 395-396 (8th Cir. 1970), cert. denied, 401 U.S. 911 (1971)). "Although a conspiracy count is not always essential for joinder of

4

counts which do not all include every joined defendant, in the absence of such an allegation, other facts must be alleged which at least suggest the existence of an overall scheme encompassing all the defendants and all the charged offenses." Bledsoe, 674 F.2d at 656-657.

In the Bledsoe case, five defendants were tried: Bledsoe, Cloninger, Moffitt, Phillips, and Stafford. Id. at 651-652. Count one of the indictment charged all five defendants with conspiracy to violate RICO under 18 U.S.C. § 1962(d). Id. Count two of the indictment contained numerous predicate acts and charged all five defendants with violating RICO under 18 U.S.C. § 1962(c). Id. Counts three and four charged four defendants, including Phillips, with fraudulent sale of Progressive Farmers Association securities under 15 U.S.C. §§ 77q(a) and 77x and 18 U.S.C. § 2. Id. Counts three and four were included in the predicate acts listed in count two. Id. Counts five and six charged Phillips alone with fraudulent sale of Progressive Investors securities under 15 U.S.C. §§ 77q(a) and 77x. Id. The allegations in counts five and six were *not* predicate acts for count two. Id. Thus, counts five and six charged a crime that was unrelated to any of the other crimes contained in the other counts and these counts also did not involve the other defendants from the other counts. Id.

Defendants Bledsoe, Cloninger, Moffit, and Stafford moved pursuant to Rule 8(b) to sever counts five and six from the trial of counts one through four.

5

Id. at 654. The district court denied this motion and the Eighth Circuit reversed. Id. at 654, 671. The government argued on appeal that joinder of counts five and six did not violate Rule 8(b) because the *modus operandi* described in counts five and six were the same as that in counts one through four because all six accounts involved selling securities labeled "Estate Builder." Id. at 656. The court rejected this argument, noting that similarity of offenses would be sufficient to justify joinder of the *offenses* under Rule 8(a), but that it was not sufficient to justify joinder of *defendants* under Rule 8(b). Id. The government also argued that Phillips' common participation in counts three, four, five, and six was sufficient to justify joinder of the counts. Id. The court rejected this argument too because the indictment on its face showed no participation by the defendants other than Phillips in counts five and six and no factual overlap between counts one through four and counts five and six. Id. See also United States v. Jones, 880 F.2d 55, 61 (8th Cir. 1989) (stating that Rule 8(a) and (b) "do not permit cumulation of prejudice by charging several defendants with similar but unrelated offenses."); United States v. Andrade, 788 F.2d 521, 529 (8th Cir. 1986) (stating that "Rule 8(b) requires that there be some common activity involving all the defendants which embraces all the charged offenses, but it is not necessary that each defendant have participated in each act or transaction of the series.")

Similarly, in Chubet v. United States, 414 F.2d 1018, 1018-1019 (8th Cir. 1969), defendants Chubet and Kauffman were charged and tried together in an indictment containing six counts alleging possession and sale of amphetamine. Two of the counts named both defendants in sales of amphetamine that occurred in Blue Springs, Missouri, and Jackson County, Missouri, on February 21 and 23, 1967, respectively. Id. Kauffman was charged in four other counts which did not name Chubet. Id. These four other counts involved the sale of amphetamine in Springfield, Missouri, on February 10, 1967; in Columbia, Missouri, on February 21, 1967; in Columbia, Missouri, on February 23, 1967; and in Jackson County, Missouri, on March 2, 1967. Id.

Chubet moved for severance pursuant to Fed. R. Crim. P. 8(b) prior to trial. Id. The district court denied Chubet's motion, and the Eighth Circuit reversed. Id. at 1018-1019, 1022. The court stated that the fact that Kauffman was a common thread in all six charges in the indictment was insufficient to justify jointly trying Chubet and Kauffman together where the indictment contained no allegation linking Chubet to the counts in the indictment charging Kauffman alone. Id. at 1020. See also McElroy v. United States, 164 U.S. 76, 76-81 (1896) (interpreting Section 1024 of the Revised Statutes, a predecessor to Fed. R. Crim. P. 8(b), and stating "we do not think the statute authorizes the joinder of distinct felonies, not provable by the same evidence, and in no sense resulting from the same series of acts.").

In this case, defendants Sam and Chachanko are jointly charged in counts one through five of the indictment with a robbery which occurred on June 5, 2004, at Rapid City, South Dakota. The remaining counts in the indictment charge Chachanko alone with four other robberies occurring at different locations, on different dates, at some distance from the Rapid City robbery, and with a different weapon from the weapons alleged to have been used in the Rapid City robbery. There is no allegation in the indictment that Sam knew about, participated in, or was otherwise involved in these four other robberies. Accordingly, joinder of counts one through five with the remaining counts of the indictment is improper. See Fed. R. Crim. P. 8(b); Jones, 880 F.2d at 61; Andrade, 788 F.2d at 529; Bledsoe, 674 F.2d at 656; Chubet, 414 F.2d at 1020; 1A Charles A. Wright, Fed. Practice & Procedure Criminal § 144, p. 65-66 (3d ed. 1999) (stating that Rule 8(b) does not allow joinder of two defendants who are jointly charged with committing an offense with another unrelated charge alleging that only one of the defendants committed a similar offense on some other occasion). The mere fact that Chachanko is alleged to have participated in all the robberies is insufficient to satisfy the requirements of Fed. R. Crim. P. 8(b). See Bledsoe, 674 F.2d at 656; Chubet, 414 F.2d at 1020. Nor is the fact that the robberies were committed with the same *modus operandi*. Bledsoe, 674 F.2d at 656.

**B.     Severance Pursuant to Fed. R. Crim. P. 14(a)**

Defendants also move to sever in the alternative pursuant to Fed. R. Crim. P. 14(a). Because the court has already decided to sever pursuant to Rule 8(b), the alternative motion to sever pursuant to Rule 14(a) is moot.

**C.     Severance Pursuant to Bruton**

Defendants also move to sever in the alternative pursuant to Bruton v. United States, 391 U.S. 123 (1968). The rule in the Bruton case is that, in certain circumstances, it is reversible error to admit hearsay statements of codefendant "A" which incriminate codefendant "B" where codefendant "A" does not testify at trial. Id. at 135-136. Here, Defendant Sam argues that certain out-of-court statements of Defendant Chachanko incriminate Sam and, if Chachanko does not testify, Sam's Sixth Amendment right to confront and cross-examine witnesses against him will be violated.

The government counters that Defendant Chachanko's out-of-court statements do not *directly* implicate Defendant Sam, but only implicate Sam by "linkage." The government argues that any potential prejudice to Sam can be resolved with a limiting instruction from the trial court. However, the court need not resolve this issue because the court has already decided to sever pursuant to Rule 8(b). Therefore, Defendant Sam's alternative motion to sever pursuant to Bruton is moot.

## CONCLUSION

Based on the foregoing discussion and facts, it is hereby

ORDERED that defendant Chuoi Sam's motion to sever pursuant to Fed. R. Crim. P. 8(b) [Docket No. 39] is granted. Defendant Yuri Chachanko's motion to sever [Docket No. 58] is granted insofar as severance is urged based upon Rule 8(b). Each defendant will be tried separately. It is further

ORDERED that defendant Chuoi Sam's motion to sever pursuant to Fed. R. Crim. P. 14(a) [Docket No. 41] is denied as moot because that motion was made in the alternative to the Rule 8(b) motion and the court has granted the motion pursuant to Rule 8(b). Defendant Yuri Chachanko's motion to sever [Docket No. 58] is denied insofar as severance is urged based upon Rule 14(a). It is further

ORDERED that defendant Chuoi Sam's motion to sever pursuant to Bruton [Docket No. 105] is denied as moot.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. See Fed. R. Crim. P. 58(g)(2).

Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require review by the district court.

Dated July 30, 2007.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE