UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>YURI CHACHANKO,<br><br>    Defendant. | 5:06-CR-50117<br><br>ORDER FOR ADDITIONAL BRIEFING |

  Defendant, Yuri Chachanko, moves for compassionate release. Docket 324. The Federal Public Defender supplemented Chachanko's motion. Docket 337. Plaintiff, the United States of America, opposes release. Docket 340. Chachanko argues, among other things, that he can establish extraordinary and compelling circumstances based on the most recent 2023 Amended Guideline, U.S.S.G. § 1B1.13(b)(6).

  U.S.S.G. § 1B1.13(b)(6) provides:

> **Unusually Long Sentence.**--
>
> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

To be eligible under § 1B1.13(b)(6), a defendant must have "received an unusually long sentence and has served at least 10 years of the term of imprisonment[.]" The issue here is whether Chachanko can show he meets the requirement that he "has served at least 10 years of the term of imprisonment." U.S.S.G. § 1B1.13(b)(6). Chachanko's instant compassionate release motion seeks to reduce the 300-month mandatory minimum sentence that this court imposed in July 2008. *See* Docket 297 at 2; Docket 337 at 12-13. When imposing the July 2008 sentence, this court stated that "[t]he term of imprisonment by this judgment shall run consecutively to the defendant's imprisonment under any previous state or Federal sentence." Docket 297 at 2. Chachanko had previously been sentenced in May 2006 by the district court for the District of Montana to a total of 219 months. *See* Docket 336 at 331-32; PSR § 30.

As of November 2023, Chachanko has served seventeen years in custody. *See* Docket 336 at 333. But his original sentence from the district court in the District of Montana was 219 months—18 years and three months. *See* Docket 336 at 331-32. Thus, as of November 2023—even accounting for good time credits—Chachanko has not served ten years specifically with respect to the 300-month sentence this court imposed. And Chachanko seeks a sentence reduction with respect to this court's 300-month sentence. *See* Docket 337 at 12-13. Chachanko appears to anticipate this potential issue when he writes "he has served at least 10 years of his *aggregate* federal sentence[.]" *Id.* (emphasis added). But Chachanko does not elaborate on whether the court can aggregate

2

the sentences he received from the district court in the District of Montana and the one from this court, in the context of determining whether he can show he has served at least 10 years imprisonment under § 1B1.13(b)(6).

Thus, the court requests further briefing on whether Chachanko can meet this threshold requirement under § 1B1.13(b)(6).

It is ORDERED that the parties file additional briefing on this narrow issue. Both parties initial briefs are due May 6, 2024, and the parties' responses to each others' briefs are due May 13, 2024.

Dated April 22, 2024.

                                      BY THE COURT:

                                      */s/ Karen E. Schreier*
                                      KAREN E. SCHREIER
                                      UNITED STATES DISTRICT JUDGE